# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Christina Ecklund | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Grant & Weber, Inc. | ) | |
| 5586 S. Fort Apache Road, Suite 110 | ) | |
| Las Vegas, NV 89148 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Christina Ecklund, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Grant & Weber, Inc.. Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA makes clear that within five days of any initial communication, a debt collector clearly state who the current creditor of the Debtor is. 15 U.S.C. Section 1692g

## APPLICABLE CASE LAW

3. In *Janetos vs. Fulton Friedman & Gullace, LLP* (No. 15-01859), (7th Cir., 2016), the Seventh Circuit Court of Appeals stated if a dunning letter fails to disclose the required language in 15 U.S.C. Section 1692g(a), it violates the FDCPA.

4. Said case stated "[T]o satisfy Section 1692g(a), the debt collector's notice must state the required information 'clearly enough that the receipient is likely to understand it.'" *Id.*

5. If an initial dunning letter fails to disclose the required information

clearly, it violates the FDCPA, without further proof of confusion. *Id.*

## JURISDICTION AND VENUE

6. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

7. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

8. Plaintiff, Christina Ecklund (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

9. Plaintiff is a resident of the State of Illinois

10. Defendant, Grant & Weber, Inc. ("Defendant"), is a Nevada business entity with an address of 5586 S. Fort Apache Road, Suite 110, Las Vegas, NV 89148 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

11. Unless otherwise stated herein, the term "Defendant" shall refer to Grant & Weber, Inc.

12. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

13. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $2383.09 (the "Debt") to an original creditor.

14. The Debt was purchased, assigned or transferred to Defendant for collection.

15. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

16. On April 30, 2018, Defendant sent an initial communication to Plaintiff. See Exhibit A.

17. On or about May 6, 2018, Plaintiff received said letter.

18. The letter states in the heading that the "Original Creditor: CENTRAL DUPAGE HOSPITAL" See Exhibit

19. Next, said letter states, also in the heading, "Client Account No. 26274317."  See Exhibit
20. Next, the letter's opening sentence is "[Y]our account has been referred to Grant & Weber, Inc., in an attempt to collect the balance due now."  See Exhibit
21. Nowhere does this letter state who the debt is actually owed to.
22. Nowhere does this letter state who the client is or who the current creditor is.
23. The Plaintiff has no idea who the actual creditor that this debt is owed to.

## STANDING AND INJURY

24. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
25. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
26. The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act. "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."

reprinted in

27. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
28. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

29. The Plaintiff incorporates by reference all of the above paragraphs of

this Complaint as though fully stated herein.

30. The Defendant's conduct violated 15 U.S.C. Section 1692g(a) by not stating clearly who the creditor was on this matter.

## **JURY DEMAND**

31. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

32. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff